1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8   MICHAEL STEPHEN LaMONICA,

9              Petitioner,              No. CIV S-03-0070 LKK CMK P

10         vs.

11  MICHAEL KNOWLES, Warden,

12             Respondents.             FINDINGS AND RECOMMENDATIONS

13  _____/

14             Petitioner is a state prisoner proceeding pro se with an application for a writ of

15  habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is a state prisoner proceeding pro se with

16  an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his 1998

17  conviction of forcible penetration with a foreign object and assault with intent to commit rape

18  and the sentence of twelve years and assessed restitution and fines.

19  I.    Background

20             Petitioner assaulted a fifteen-year-old girl with the intent to rape her.  Petitioner

21  passed the girl in his vehicle, parked behind a supermarket, and began eating a sandwich.  When

22  the girl walked by he, grabbed her, dragged her back to his truck, wrestled with her, and

23  managed to digitally penetrate her vagina.  Petitioner also took personal property from the girl.

24             Petitioner entered a negotiated plea agreement of guilty to forcible penetration

25  with a foreign object and assault with intent to commit rape in exchange for dismissal of the

26

1   remaining counts[1] and a stipulated sentence of twelve years–four for the assault offense and a

2   consecutive full upper term of eight years for the penetration offense.  Petitioner was sentenced

3   accordingly.

4          On appeal, the California Court of Appeal noted that, when the trial court

5   imposed a restitution fine in the amount of $1,200, it failed to impose the mandatory parole fine

6   in the same amount.  The Court of Appeal modified the judgment accordingly.

7   II.    Standards for Granting Habeas Relief

8   _____An application for a writ of habeas corpus by a person in custody under a

9   judgment of a state court can be granted only for violations of the Constitution or laws of the

10  United States. See 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any

11  claim decided on the merits in state court proceedings unless the state court's adjudication of the

12  claim:

13          (1) resulted in a decision that was contrary to, or involved an unreasonable
            application of, clearly established federal law, as determined by the Supreme Court
14          of the United States; or

15          (2) resulted in a decision that was based on an unreasonable determination of the
            facts in light of the evidence presented in the State court proceeding.
16

17  See 28 U.S.C. § 2254(d) (referenced herein in as " § 2254(d)" or "AEDPA"). See Ramirez v.

18  Castro, 365 F.3d 755, 773-75 (9th Cir.2004) (Ninth Circuit affirmed lower court's grant of habeas

19  relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his

20  Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v.

21  Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and

22  therefore did not address the merits of petitioner's Eighth Amendment claim).  Courts are not

23  required to address the merits of a particular claim, but may simply deny a habeas application on

24  

25          [1]The remaining counts were attempted penetration with a foreign object, California Penal
            Code §§ 664/289, subd. (a); assault with intent to commit a violation of section 289, California
            Penal Code § 220; false imprisonment, California Penal Code § 236; and robbery, California
26          Penal Code § 211.)

2

1   the ground that relief is precluded by 28 U.S.C. § 2254(d). See Lockyer, 538 U.S. at 71

2   (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir.2000) in which the Ninth

3   Circuit required district courts to review state court decisions for error before determining

4   whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not

5   precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

6           The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are

7   different.  As the Supreme Court has explained:

8           A federal habeas court may issue the writ under the "contrary to" clause if the state
            court applies a rule different from the governing law set forth in our cases, or if it
9           decides a case differently than we have done on a set of materially
            indistinguishable facts. The court may grant relief under the "unreasonable
10          application" clause if the state court correctly identifies the governing legal
            principle from our decisions but unreasonably applies it to the facts of the
11          particular case. The focus of the latter inquiry is on whether the state court's
            application of clearly established federal law is objectively unreasonable, and we
12          stressed in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389
            (2000)  that an unreasonable application is different from an incorrect one.
13

14  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law

15  set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to

16  cite or fails to indicate an awareness of federal law. See Early v. Packer, 537 U.S. 3, 8 (2002).

17          The court will look to the last reasoned state court decision in determining whether

18  the law applied to a particular claim by the state courts was contrary to the law set forth in the

19  cases of the United States Supreme Court or whether an unreasonable application of such law has

20  occurred. See Avila v. Galaza, 297 F.3d 911, 918 (9th Cir.2002), cert. dismissed, 538 U.S. 919

21  (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a

22  claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must

23  perform an independent review of the record to ascertain whether the state court decision was

24  objectively unreasonable. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.2003).  In other

25  words, the court assumes the state court applied the correct law, and analyzes whether the

26  decision of the state court was based on an objectively unreasonable application of that law.  It is

1  appropriate to look to lower federal court decisions to determine what law has been "clearly

2  established" by the Supreme Court and the reasonableness of a particular application of that law.

3  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir.1999).

4  III.    Arguments and Analysis

5          A.    Imposition of Mandatory Parole Fine

6               Petitioner argues that his Fourteenth Amendment right to due process was violated

7  when the California Court of Appeals imposed a mandatory $1,200 parole fine along with the

8  $1,200 restitution fine that petitioner was ordered to pay by the trial court.  Petitioner asserts that

9  he was never warned about such a fine at his change of plea hearing; the parole fine is a direct

10 consequence of the plea; and the fine should be waived.  The California Supreme Court denied

11 petitioner's habeas claim on this issue without comment or citation.  (Answer, Ex. H.) The

12 California Supreme Court's rejection of this claim does not reflect an unreasonable application of

13 federal law.

14               The longstanding test for determining the validity of a guilty plea is "whether the

15 plea represents a voluntary and intelligent choice among the alternative courses of action open to

16 the defendant."  Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400

17 U.S. 25, 31 (1970)).  In making this determination, a court looks to what the defendant reasonably

18 understood at the time of the plea.  See U.S. v. Quan, 789 F.2d 711, 713 (9th Cir. 1986).  Courts

19 are required to advise defendants of the direct consequences of their pleas to determine whether

20 the plea is genuinely voluntary, knowing and intelligent.  See Torrey v. Estelle, 842 F.2d 234, 235

21 (9th Cir. 1988).  A direct consequence is one which generally has a definite, immediate, and

22 largely automatic effect on the sentence; for example mandatory fines.  See id. at 235-236.

23               Before he plead guilty, petitioner was advised that he faced up to $10,000 in

24 restitution fines as a direct consequence of his plea.  (RT at 5.)  Therefore, petitioner pled guilty

25 knowing that the state court could assess him up to $10,000 in fines.  In his traverse, petitioner

26 acknowledged that he was aware that he faced up to $10,000 in fines.  (Traverse at 3:27-28.)  The

4

1  trial court assessed petitioner a restitution fine of $1,200.  (RT at 9.)  On appeal, the Court of

2  Appeal imposed an additional mandatory $1,200 fine, which the trial court neglected to impose.

3  (Answer, Ex. B at 2.)  Petitioner was given the opportunity to file a petition for rehearing

4  regarding the fine imposed by the Court of Appeal, but he did not.  (Answer, Ex. B at 2.)

5          The court finds that petitioner was aware of the directed consequences of his plea,

6  and entered into it knowingly, voluntarily, and intelligently.  See Torrey, 842 F.2d at 235.

7  Petitioner's argument that he was aware that he could face a fine up to $10,000, but that the

8  sentencing court did not impose this fine, does not change the fact that petitioner entered into his

9  plea knowing that the sentencing court could apply up to a $10,000 fine.  Indeed, it was not until

10  after petitioner pled guilty that the sentencing court informed him of the amount of the fine

11  imposed.  (RT 9.)

12          Because petitioner was aware of the possible amount of his fine,  no due process

13  violation occurred; petitioner's first claim should be rejected.

14          B.    Mandatory Civil Commitment

15          Petitioner argues that his Fourteenth Amendment right to due process under the

16  United States Constitution was violated because the trial court failed to inform him of the

17  possibility of a mandatory civil commitment in a mental hospital upon completion of the sentence

18  he is now serving.  He argues that a possible civil commitment is a direct consequence of his plea

19  and asks this court to remove this condition of his sentence. The California Supreme Court denied

20  petitioner's habeas claim on this issue without comment or citation.  (Answer, Ex. H.) The

21  California Supreme Court's rejection of this claim does not reflect an unreasonable application of

22  federal law.

23          While a defendant is entitled to know of the direct consequences of his plea

24  bargains, a court need not advise him of all the possible collateral consequences.  See United

25  States v. King, 618 F.2d 550, 552 (9th Cir. 1980).   It is established that the possibility of a civil

26  commitment is a collateral consequence of a plea bargain.  See Torrey, 842 F.2d at 236.  This is

1  because the consequence of a civil commitment is in the hands of another government agency or

2  petitioner himself.  For example, even if petitioner is subjected to mental health civil commitment

3  proceedings, the outcome of such proceedings is not necessarily commitment and the proceedings

4  are conducted by a different governmental tribunal.  See id.  As such, petitioner's potential civil

5  commitment is contingent on many factors and cannot be held to be a direct consequence of his

6  plea.

7         The trial court was not required to advise petitioner of the possible collateral

8  consequence of civil commitment; therefore failure to do so does not constitute a denial of due

9  process.  Petitioner is not entitled to habeas relief on this claim.

10        C.      Violation of California Penal Code Section 1203.066(a)(1)

11        Petitioner contends that his Fourteenth Amendment right to due process under the

12 United States Constitution was violated because he was convicted on a violation of California

13 Penal Code Section 1203.066(a)(1)[2], which petitioner argues applies only when a victim is under

14 the age of fourteen.  The California Supreme Court denied petitioner's habeas claim on this issue

15 without comment or citation.  (Answer, Ex. H.) The California Supreme Court's rejection of this

16 claim does not reflect an unreasonable application of federal law.

17        The record reflects that petitioner was not convicted of violating section

18 1203.066(a)(1) and that his sentence was not based on such a violation.  Even if a violation of this

19 section was contemplated in the plea, the penalty imposed for such a violation only prohibits

20 petitioner from receiving parole; something petitioner knew he was not going to receive, having

21 stipulated to a twelve year sentence.  (RT at 4.)  Further, the plain language of the statute

22 indicates that it applies to persons who commit lewd or lascivious acts or to persons who

23 _____

24        [2]Section 1203.066(a)(1) concerns lewd or lascivious acts or continuous sexual abuse of a
   child under fourteen.  It provides that "...probation shall not be granted to...any of the following
25 persons: a person who is convicted of violating Section 288 or 288.5, when the act is committed
   by the use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on
26 the victim or another person."  Cal. Pen. Code § 1203.066(a)(1) (1998).

1  continuously sexually abuse a child under fourteen.

2          Petitioner's claim does not satisfy 28 U.S.C. § 2254(d) and verges on frivolous.

3  The court recommends that it be denied.

4          D.      Failure to Express Reasons for Consecutive Sentencing

5           Petitioner contends that his Fourteenth Amendment right to due process under

6  the United States Constitution was violated because the sentencing judge failed to express reasons

7  for his consecutive sentencing decisions, that petitioner does not meet the criteria for consecutive

8  sentencing, and that mitigating factors were not presented at sentencing.  The California Supreme

9  Court denied petitioner's habeas claim on this issue without comment or citation.  (Answer, Ex.

10  H.)  The California Supreme Court's rejection of this claim does not reflect an unreasonable

11  application of federal law.

12          "The decision whether to impose sentences concurrently or consecutively is a

13  matter of state criminal procedure and is not within the purview of federal habeas corpus."

14  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).  Accordingly, petitioner does not

15  state a cognizable habeas claim; the court recommends that this claim be rejected.

16          E.      Failure to Properly Sentence Under State Law

17          Petitioner's final claim is that his sentence is unlawful because he was sentenced

18  under the wrong sentencing scheme.  He claims that he was erroneously sentenced under Penal

19  Code section 667.6(c), rather than section 1170.1.  Specifically, petitioner complains that,

20  according to his reading of the statute, section 667.6(c) requires that persons sentenced under that

21  section have prior convictions.  The Court of Appeal and the California Supreme Court denied the

22  claim without opinion.  (Answer, Ex. F and H.)  The last reasoned state court decision was the

23  decision of the Sacramento Superior Court.  (Answer, Ex. D.)

24          The Superior Court noted that section 667.6(c) does not require that persons

25  sentenced under that section have prior convictions, except in limited circumstances, not present

26  in this case.  (Answer, Ex. D.)  The Court explained:

7

1  The full-term consecutive sentence under Penal Code section 667.6(c) is an
   alternative to the Penal Code section 1170.1 that the court may elect for violent sex
2  crimes.  In Belemontes, the court approved a court's election to treat a non-violent
   crime as the principle count and to sentence a number of sex crimes as full
3  consecutive terms under Penal Code section 667.6(c).  This is similar to the
   approach the court took in petitioner's case.  Petitioner's term under Penal Code
4  section 220 is the non-667.6(c) offense while his term under section 289(a) falls
   under the section.
5  Further, section 667.6(c) does not require that persons sentenced under it have
   prior convictions except in the case of section 220.  Bohannon explains that Penal
6  Code sections 667.6(c) and (d) were amended to add the reference to section 220
   with a prior and that language regarding priors was not intended to refer to other
7  crimes already listed in the subsections.  Section 289(a) was one of those
   subsections.

8

9  (Answer, Ex. D (internal citations omitted.))  After a careful review of the record, the court finds

10 that the Superior Court's rejection of this claim was not based on an objectively unreasonable

11 application of or contrary to federal law.  Moreover, even if the state court has misapplied the

12 sentencing law, the mistake does not create a cognizable habeas claim.  See Herbert v. State of

13 Louisiana, 272 U.S. 312 (1926); Reed v. Rhay, 323 F.2d 498 (9th Cir. 1963).  The court

14 recommends that this claim be denied.

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

IV.    Conclusion

In accordance with the above, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   September 7, 2006.


CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

9